1  DOMINICA C. ANDERSON (SBN 2988)
   RYAN A. LOOSVELT (SBN 8550)
2  **DUANE MORRIS LLP**
   701 Bridger Avenue, Suite 670
3  Las Vegas, NV 89101
   Telephone: 702.868.2600
4  Facsimile: 702.385.6862
   Email: dcanderson@duanemorris.com
5        rloosvelt@duanemorris.com

6  JOANNE J. MATOUSEK (IL BAR 6196682)
   Admitted Pro Hac Vice
7  DIRK E. EHLERS (IL BAR 6198475)
   Admitted Pro Hac Vice
8  **DUANE MORRIS LLP**
   227 West Monroe Street, Suite 3400
9  Chicago, IL 60606
   Telephone: 312.499.6700
10 Facsimile: 312.499.6701
   Email: jjmatousek@duanemorris.com
11       deehlers@duanemorris.com

12 Attorneys for Plaintiff/Counterdefendant
   CAROLINA CASUALTY INSURANCE CO.
13

14            **UNITED STATES DISTRICT COURT**

15               **DISTRICT OF NEVADA**

16 CAROLINA CASUALTY INSURANCE CO.,
   a Florida corporation,                    Case No.: 2:07-CV-00949-PMP-GWF
17
                    Plaintiff,               **MOTION TO DISMISS**
18        v.                                 **COUNTERCLAIMANTS'**
                                             **COUNTERCLAIM FOR BREACH OF**
19 DONALD K. McGHAN; JAMES J.                **NRS 686A.310 AND**
   McGHAN; MARC S. SPERBERG;                 **COUNTERCLAIMANTS' CLAIMS FOR**
20 THEODORE R. MALONEY; THOMAS R.            **PUNITIVE AND SPECIAL DAMAGES**
   MOYES; SAMUEL CLAY ROGERS; PAUL           **AND MEMORANDUM IN SUPPORT**
21 R. KIMMELL; EUGENE I. DAVIS; MARK E.      **THEREOF**
   BROWN; THOMAS Y. HARTLEY; ROBERT
22 FORBUSS; and IKRAM KHAN,

23            Counterclaimants.

24 MARC S. SPERBERG,

25            Counterclaimant,

26        vs.

27 CAROLINA CASUALTY INSURANCE CO.,

28            Counterdefendant.

DM1\1218778.2/D7996-77                          1
     MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIM FOR BREACH OF NRS 686A.310
        AND COUNTERCLAIMANTS' CLAIMS FOR PUNITIVE AND SPECIAL DAMAGES

THOMAS R. MOYES; SAMUEL CLAY
ROGERS; PAUL R. KIMMELL; EUGENE I.
DAVIS; MARK E. BROWN; THOMAS Y.
HARTLEY; ROBERT FORBUSS; and
IKRAM KHAN,

                            Counterclaimants,

    vs.

CAROLINA CASUALTY INSURANCE CO.,

                            Counterdefendant.

TO:    DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Plaintiff/Counterdefendant CAROLINA CASUALTY

INSURANCE CO. ("Plaintiff") hereby moves the court to dismiss, for failure to state a claim upon

which relief can be granted, the portions of the Counterclaim of Counterclaimants THOMAS R.

MOYES', SAMUEL CLAY ROGERS', PAUL R. KIMMELL's, EUGENE I. DAVIS', MARK E.

BROWN's, THOMAS Y. HARTLEY's, ROBERT FORBUSS', and IKRAM KHAN's

("Counterclaimants") that:  (1) assert breach of NRS 686A.310; and (2) seek punitive and special

damages.  Plaintiff's motion is based on this Notice of Motion and Motion, the Memorandum of

Points and Authorities filed in support herewith, and the pleadings and papers on file herein.

    DATED: November 26, 2007        **DUANE MORRIS** LLP


                            By:  _____
                                 Dominica C. Anderson (SBN 2988)
                                 Ryan A. Loosvelt (SBN 8550)
                                 Joanne J. Matousek (IL BAR 6196682)
                                 Admitted Pro Hac Vice
                                 Dirk E. Ehlers (IL BAR 6198475)
                                 Admitted Pro Hac Vice

                                 Attorneys for Plaintiffs/CounterCounterclaimants
                                 CAROLINA CASUALTY INSURANCE CO.

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Plaintiff, an insurer, brought this declaratory relief action against Defendants, who are

4    insureds, to determine the parties' respective rights and obligations under a Directors and Officers'

5    and Corporate Liability Insurance Policy No. 1706787/1, issued by Plaintiff to MediCor, Ltd., which

6    was in effect for a Policy Period of June 30, 2006 to June 30, 2007 (the "Policy").  Defendants

7    (directors and/or officers of MediCor, Ltd. and/or other entities) were sued for, *inter alia*, conduct

8    related to improper handling of funds in the control of Section 1031 exchanges, and as a result,

9    Defendants, including Counterclaimants, made a claim for advancement of Costs of Defense and

10   potential indemnity under the Policy.  During the pendency of this action, Plaintiff has agreed to

11   advance Costs of Defense to Counterclaimants in the underlying actions via an Interim Funding

12   Agreement, pending approval by the U.S. Bankruptcy Court for the District of Delaware, in

13   connection with the Chapter 11 proceedings captioned *In re MediCor, Ltd., et al.*, Case No. 07-

14   10877-MFW.

15   In response to Plaintiff's Complaint for declaratory relief, Counterclaimants filed an

16   unfounded Counterclaim (the "Counterclaim") that alleges, in Count II, breach of NRS 686A.310,

17   Nevada's unfair claims practices statute.

18   Count II should be dismissed for failure to state a claim for which relief can be granted, for

19   the following reasons.  Count II of the Counterclaim fails to allege any conduct that actually violates

20   the statute.  This is because Counterclaimants simply cannot allege any conduct by Plaintiff that

21   amounts to an unfair claims practice under the statute because no such conduct occurred.  Moreover,

22   Counterclaimants' "bad faith" allegations by themselves do not suffice.  Instead, Counterclaimants

23   solely allege that Plaintiff violated "multiple sections" of NRS 686A.310 without alleging how, why,

24   or even which of the sixteen (16) subsections of the statute Counterclaimants contend were violated.

25   Counterclaimants' bare claim for breach of NRS 686A.310 under Count II of their Counterclaim

26   must be dismissed for failure to state a claim upon which relief can be granted.

27   Counterclaimants' claims for punitive and special damages are likewise deficient.  Like their

28   claim for unfair claims practices, Counterclaimants summarily allege an entitlement to punitive

DM1\1218778.2/D7996-77                                          3
MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIM FOR BREACH OF NRS 686A.310
AND COUNTERCLAIMANTS' CLAIMS FOR PUNITIVE AND SPECIAL DAMAGES

1  damages for violation of NRS 686A.310 (under Count II of their Counterclaim) and for breach of the

2  covenant of good faith and fair dealing (under Count I of their Counterclaim) without alleging any

3  such conduct or bases therefor – again, simply because there are no facts for the Counterclaimants to

4  allege in this regard.  Counterclaimants do not even allege the requisite malice, oppression, or fraud,

5  let alone state facts to support such an assertion.  Counterclaimants have also failed to plead special

6  damages with any specificity as required, again, merely alleging an entitlement thereto without any

7  details.  Thus, Counterclaimants' allegations for punitive relief and special damages in Counts I and

8  II of their Counterclaim are also plainly insufficient.

9       Therefore, Counterclaimants' claims for breach of NRS 686A310 under Count II of their

10  Counterclaim, and their claims for punitive damages and special relief under Counts I and II of their

11  Counterclaim, must be dismissed for failure to state a claim for which relief may be granted.

12  **II.    ARGUMENT**

13      **A.    Legal Standard**

14      A counterclaim should be dismissed when it fails to state a claim upon which relief can be

15  granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate if it appears to a certainty that the non-

16  moving party would not be entitled to relief under any set of facts that could be proven consistent

17  with the allegations. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986); *O'Connor v.*

18  *Circuit Court,* 2006 U.S. LEXIS 80400, *5 (D. Nev.), *citing Hishon v. King & Spalding,* 467 U.S.

19  69, 73, 104 S.Ct., 2229, 2232 (1984).  A motion to dismiss should be granted if it appears beyond

20  doubt that the non-movant can prove no set of facts in support of his claim which would entitle him

21  to relief. *Moore v. City of Costa Mesa,* 886 F.2d 260, 262 (9th Cir. 1989).

22      All allegations of material fact should be taken as true and construed in a light most favorable

23  to the non-moving party. *Id.*  However, conclusory allegations and unwarranted inferences are

24  insufficient to defeat a motion to dismiss for failure to state a claim.  *In re Stac Electronics*

25  *Securities Litigation,* 89 F.3d at 1403.  Courts should not assume the truth of legal conclusions

26  merely because they are cast in the form of factual allegations. *Shuffle Master, Inc. v. Awada,* 2006

27  U.S. Dist. LEXIS 71748, *9 (D. Nev.), *citing W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.

28  1981).

**B.    Counterclaimants' Claim For Breach Of NRS 686A.310 Must Be Dismissed Because They Have Failed To State A Claim Upon Which Relief May Be Granted And Cannot Prove Any Set Of Facts That Would Support Such a Claim.**

Counterclaimants summarily assert under Count II of their Counterclaim breach of NRS 686A.310 – Nevada's unfair claims practices statute – without identifying which of the specific subsections of the statute that Plaintiff allegedly violated.  Moreover, even without regard to Counterclaimants' failure to specify any specific subsection of the statute, Counterclaimants' allegations simply do not give rise to a breach of any of the provisions set forth in the statute. Therefore, Count II of the Counterclaim, for breach of NRS 686A.310, must be dismissed in its entirety for failure to state a claim upon which relief can be granted.

NRS 686A.310, Nevada's unfair claims handling practices statute, provides very specific scenarios of what constitutes an unfair claims handling practice by an insurer.  It creates a private right of action by an insured against its insurer for breaches of the enumerated unfair practices, which are specifically listed in the statute. *See Hummel v. Continental Cas. Ins. Co.,* 254 F.Supp. 2d 1183, 1191 (D. Nev. 2003).

The statute prohibits different conduct than that which comprises the common law tort of bad faith. *Hart v. Prudential Property & Cas. Ins. Co.,* 848 F.Supp. 900, 904-905 (D. Nev. 1994). Nevada has rejected the notion that bad faith is broad enough to include the manner in which a claim is processed (*i.e.*, the conduct which NRS 686A.310 prohibits). *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 863 F.Supp. 1237, 1246 (D. Nev. 1994).  Thus, Counterclaimants' mere allegations of "bad faith" do not constitute a violation of NRS 686A.310. Counterclaimants' failure to specify which subsections of NRS 686A.310 it alleges Plaintiff violated is further evidence that no facts exist to support such a claim.

Just like the Counterclaimants in this case, the claimant in *Hummel* failed to cite which subsection of the unfair practices statute it alleged the insurer was engaged in. *Hummel,* 254 F.Supp. 2d at 1191.  The court in *Hummel* compared the claimant's allegations to NRS 686A.310, in an effort to find a potentially applicable subsection, but concluded that the insurer had not violated the

///

1  statute as a matter of law (in the context of a motion for summary judgment). *Id.* That is the case
2  here as well.

3        Counterclaimants only summarily allege that Plaintiff "is in violation of multiple sections of
4  NRS 686A.310" yet fail to allege how or why. (*See* Dckt. #52, 10:5-7). Counterclaimants'
5  allegations, when examined against the specific provisions of NRS 686A.310, fail to constitute a
6  violation of any subsection. Conclusory allegations of law and unwarranted inferences are
7  insufficient to defeat a motion to dismiss for failure to state a claim. *In re Stac Electronics*
8  *Securities Litigation,* 89 F.3d 1399, 1403 (9th Cir. 1996), *cert. denied.* Counterclaimants simply
9  have not alleged any conduct by Plaintiff which would violate NRS 686A.310 and have therefore
10  failed to state a claim upon which relief can be granted. Therefore, Counterclaimants' claim for
11  breach of NRS 686A.310 should be dismissed for failure to state a claim for which relief can be
12  granted.

13       **C.**    **Counterclaimants' Claims For Punitive and Special Damages Under Both**
             **Counts of Their Counterclaim Should Be Dismissed For Failure to State a Claim**
14               **Upon Which Relief Can Be Granted.**

15        Whether this Court denies Plaintiff's motion to dismiss Count II of the Counterclaim in its
16  entirety or not, Counterclaimants' claim for punitive damages and special damages under both Count
17  II and Count I of their Counterclaim (for the alleged breach of the implied covenant of good faith
18  and fair dealing) should also be dismissed. The punitive and special damages claims under both
19  Counts of the Counterclaim are improper as a matter of law, given the facts in this case.
20  Counterclaimants have not and cannot demonstrate, under any set of facts consistent with their own
21  allegations, that they are entitled to punitive relief or special damages.

22        Under Nevada law, the conduct required to recover punitive damages is "oppression, fraud or
23  malice;" such action must be demonstrated by clear and convincing evidence. NRS 42.005.
24  Nowhere do Counterclaimants allege the requisite "oppression, fraud or malice" in their
25  counterclaim for breach of NRS 686A.310 sufficient to impose punitive damages. Punitive damages
26  are not supported where the claim does not allege "oppression, fraud or malice." *See Sprouse v.*
27  *Wentz,* 105 Nev. 597, 601, 781 P.2d 1136, 1138 (1989).

28        Even though Counterclaimants essentially allege bad faith on Plaintiff's part, bad faith in and

1 | of itself cannot establish liability for punitive damages. *United Fire Ins. Co. v. McClelland,* 105 Nev.

2 | 504, 512, 780 P.2d 193, 198 (1989). To recover punitive damages, a party must affirmatively

3 | demonstrate "oppression, fraud or malice." *Id.* Oppression is defined as despicable conduct that

4 | subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person.

5 | NRS 42.001(4). Malice is defined as conduct intended to injure a person or despicable conduct

6 | engaged in with a conscious disregard for the rights or safety of others. NRS 42.001(3). Fraud is

7 | defined as an intentional misrepresentation, deception or concealment of a material fact known to the

8 | person with the intent to deprive another person of his rights or property or to otherwise injure

9 | another person. NRS 42.001(2). None of these actions have been alleged, **nor can they be alleged,**

10 | **based on the facts in this case**.

11 | Likewise, Counterclaimants' claims for special damages in Counts I and II of their

12 | Counterclaim are deficient because Counterclaimants utterly failed to plead special damages with the

13 | requisite specificity. When items of special damage are claimed, they must be specifically stated.

14 | Fed. R. Civ. P. 9(g). The objective under Rule 9(g) is to guard against unfair surprise. *Bowles v.*

15 | *Osmose Utils. Servs.,* 443 F.3d 670, (2006). In addition, the requirement to state special damages

16 | with specificity permits groundless claims to be discovered and dismissed early in litigation. *Brown*

17 | *& Williamson Tobacco Corp. v. Jacobson,* 713 F.2d 262, 270 (7th Cir. 1983). Where special

18 | damages are alleged, they should be set forth in itemized form. *Kuenzell v. United States,* 20 F.R.D.

19 | 96, (C.D. Cal. 1957). Conclusory or bare allegations of injury are insufficient, as are allegations

20 | based on mere speculation or conjecture. *Lebeda v. A.H. Robins Co.,* 101 F.R.D. 689, 690 (D. Me.

21 | 1984); *Everco Indus., Inc. v. O.E.M. Prods. Co.,* 63 F.R.D. 662, 666 (N.D. Ill. 1974). Here,

22 | Defendants fail to specifically allege any items of special damage, but instead only baldly assert a

23 | general entitlement thereto. (*See* Dckt. #52, 9:25-26, 10:6-7).

24 | Because Count I of the Counterclaim, for breach of the implied covenant of good faith and

25 | fair dealing, and Count II of the Counterclaim, for breach of NRS 686A.310, both wholly fail to

26 | allege that Plaintiff acted maliciously, oppressively, or fraudulently, and fail to allege adequately any

27 | conduct sufficient to impose either punitive or special damages, this Court must dismiss

28 | / / /

1 | Counterclaimants' punitive and special damages claims for failure to state a claim for which relief
2 | may be granted.

3 | **III.    CONCLUSION**

4 |       For the foregoing reasons and arguments, this Court should dismiss, for failure to state a

5 | claim for which relief may be granted:  (1) Count II of the Counterclaim, for breach of NRS

6 | 686A.310; and (2) Counterclaimants' claims under both Counts I and II of their Counterclaim for

7 | punitive and special damages.

8 |       DATED:  November 26, 2007        **DUANE MORRIS LLP**

9 |

10 | By: _____

11 | Dominica C. Anderson (SBN 2988)
   | Ryan A. Loosvelt (SBN 8550)

12 | Joanne J. Matousek (IL BAR 6196682)
   | Admitted Pro Hac Vice

13 | Dirk E. Ehlers (IL BAR 6198475)
   | Admitted Pro Hac Vice

14 | Attorneys for Plaintiffs/CounterCounterclaimants
15 | CAROLINA CASUALTY INSURANCE CO.

**PROOF OF SERVICE**

I hereby certify that I am a citizen of the United States and am employed in Clark County, where this mailing occurs. I am over the age of eighteen years and not a party to the within entitled action; my business address is 701 Bridger Avenue, Suite 670, Las Vegas, Nevada 89101.

On November 26, 2007, I served the document described as **PLAINTIFF CAROLINA CASUALTY INSURANCE CO.'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIM FOR BREACH OF NRS 686A.310 AND COUNTERCLAIMANTS' CLAIMS FOR PUNITIVE AND SPECIAL DAMAGES AND MEMORANDUM IN SUPPORT THEREOF** on the interested party(ies) in this action as follows:

Dennis L. Kennedy
Leah A. Martin
BAILEY MERRILL
8691 West Sahara, Suite 200
Las Vegas, NV 89117-5830
Attorneys for Defendant/Counterclaimant
Marc S. Sperberg

Mark S. Dzarnoski
GORDON & SILVER, LTD.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, NV 89169
Attorneys for Counterclaimants Donald K.
McGhan and James J. McGhan

Robert D. Martin
Cheryl Bradford
MARTIN ALLISON, LTD.
3191 E. Warm Springs Road
Longford Plaza East, Bldg. 13
Las Vegas, NV 89120
Attorneys for Counterclaimants/
Counterclaimants Thomas R. Moyes,
Samuel Clay Rogers, Paul R. Kimmell,
Eugene I. Davis, Mark E. Brown, Thomas
Y. Hartley, Robert Forbuss and Ikram
Khan

Rew R. Goodenow
PARSONS BEHLE & LATIMER
50 West Liberty, Suite 750
Reno, NV 89501

Erik A. Christiansen
Scott S. Bell
PARSONS BEHLE & LATIMER
201 South Main, Suite 1800
Salt Lake City, UT 84111
Attorneys for Defendant Theodore R.
Maloney

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business.

☐ **BY FEDERAL EXPRESS:** I served said document(s) to be delivered on the same day to a courier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express.

☒ **BY ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under Federal Rules of Civil Procedure.

Jana Dailey
An employee of DUANE MORRIS LLP